# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## __PENSACOLA__ DIVISION

**Amended**

## § 2241 HABEAS CORPUS PETITION FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
### OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

Savino Braxton,

Inmate/Alien # 27314-037

FPC-Pensacola, 110 Raby Ave.

Pensacola, Florida 32509

(Enter full name of Petitioner, prison number or alien [A] number, if applicable, AND address of place of confinement.)

vs.

CASE NO: 3:05cv126/mcr/MD
(To be assigned by Clerk)

United States of America,

Bureua of Prison (BOP),

Donald F. Bauknecht, Warden,

(Enter name and title of each Respondent. If additional space is required, use the blank area below and directly to the right.)

## ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2005 MAY 20  PM 4: 30

FILED

**ANSWER ALL OF THE FOLLOWING:**

1. This petition concerns (check where applicable):

    (a). ☐ a conviction
    (b). ☐ a sentence
    (c). ☒ prison disciplinary action or other action resulting in lost gain time credits
    (d). ☐ parole
    (e). ☐ immigration/removal
    (f). ☐ other (explain): __N/A__

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

    (a). Name(s) and location(s) of court: __U.S. District Court, District of MD. Balto.__

    (b). Case Number(s): __90CR0135-K__

    (c). Charge(s) for which you were convicted: __Possession w/ intent to distribute herion 21 U.S.C. § 841__

    (d). What was your plea? (Check one)
      (1) Not Guilty     ☒
      (2) Guilty         ☐
      (3) Nolo contendere ☐

    (e). Did you appeal from the judgment of conviction?    Yes ☒    No ☐

3. If you did appeal, answer the following:

    (a) Name of Court: __Fourth Circuit Court of Appeals__ Case #: __N/A__

    (b) Result: __Affirmed__

    (c) Date of opinion and mandate (citation, if known): __N/A__

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

    (a) Have you filed a motion under 28 U.S.C. § 2255?
        Yes ☒    No ☐
    If yes, please provide the results of the proceeding(s) and the relevant date(s): __denied date unknown__

2

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective: _____

**Because I am currently challenge the execution of my confinement in which I'm confined, not the imposition of my sentence.**

5. Are you currently represented by counsel in this case or in any other court case?

    Yes ☐   No ☒
    If yes, please explain: _____ **N/A** _____

6. If this case concerns removal proceedings:
    (a) Date of final order of removal: _____ **N/A** _____

    (b) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐ **N/A** No ☐

7. In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a). Ground one: **The court should order the BOP to correct his good time credit**

Supporting FACTS (state *briefly* without citing cases or law): **Mr. Braxton contends that he is eligible for a reduction of his sentence of up to 15% of his sentence, through the earning of good time credit - a percent and/or credit he is not currently receiving from the BOP. Continues on pages 7-8 .........................**

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☐   No ☒
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

**N/A**

3

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?
　　Yes ☐　No ☐　**N/A**
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____**N/A**_____

(b). Ground two: _____**N/A**_____

_____
_____
_____

Supporting FACTS (state *briefly* without citing cases or law): _____
_____**N/A**_____
_____
_____
_____
_____

Exhaustion:
[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
　　Yes ☐　No ☐　　　　　　**N/A**
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

_____**N/A**_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground two to the Board of Immigration Appeals?
　　Yes ☐　No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____
_____**N/A**_____

(c). Ground three: _____**N/A**_____

_____
_____
_____

Supporting FACTS (state *briefly* without citing cases or law): _____
_____**N/A**_____

4

_____
_____
_____
_____

Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☐  No ☐  **N/A**
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:
_____
_____**N/A**_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals?
    Yes ☐  No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

(d). Ground four: _____**N/A**_____
_____
_____
_____

Supporting FACTS (state *briefly* without citing cases or law): _____
_____**N/A**_____
_____
_____
_____
_____

Exhaustion:
[1] - Have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes ☐  No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:
_____
_____**N/A**_____

5

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals?
   Yes ☐   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____
_____ N/A _____

8.  WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief: <u>Order the Bureau of Prison to correct Mr. Braxton's good time credit by 85%, rather than 87.2%, and reduce his sentence by 15%.</u>

### DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

<u>5-16-05</u>
(Date)

Signature of Petitioner

### IF MAILED BY PRISONER:

✓ I declare or state under penalty of perjury that this petition was (check one):
☑ delivered to prison officials for mailing, or ☑ deposited in the prison's internal mail system on:
<u>5-16-05</u> (date).

Signature of Petitioner

Revised 07/02

6

**ATTACHMENT**

On December 29, 2004, the United States District Court for the District of Maryland entered judgment in <u>Johnson V. Dewalt</u>, No. AW-04-3414 (D.Md. 2004), holding that § 3624 (b) of Title 18 is not ambiguous, and that good time credits are to be awarded on the sentence imposed, rather than the time actually served by the inmate. <u>Id</u>.

Furthermore, the court held that the BOP's policy for calculating the awarding of good time credits is improper and the inmates in questioned, therefore are entitled to relief. Consequently, the BOP was directed to recalculate the inmates' receipt of good time credits.

Similaraly, Mr. Braxton contends that he is eligible for a reducation of up to 15% percent of his sentence, through the earning of good time credit - a percent and/or credit he is not currectly receiving from the BOP.

Mr. Braxton further contends that the BOP incorrectly calculates the earning of his good time credits, i.e., 87.2% of his sentence, rather tha 85% of his sentence as intended by Congress. By doing so, the BOP owes Mr. Braxton at least 3 to 4 months worth of good time credits, given rise to his 1990 sentence.

Thus, given the legislative history of the good itme credit statute, it is clear that the BOP in Mr. Braxton's case has failed to fulfill the promise made by Congress that exemplary conduct would be rewarded by a reduction of 15% of Mr. Braxton's sentence.

Because the administration here at FPC-Pensacola has deemed the calculation of good time credit-correct in exhausted remedies already ensued by other inmates; will cause irreparable injury if further delayed due to Mr. Braxton's neared March, 2006 release date, he did not exhaust the administrative remedy. Rather, he filed straight to court.

Pursuant thereof, this court should entertain subject matter jurisdiction over Mr. Braxton's currently § 2241 proceeding. See, e.g. Delton Corp. V. Alexander, 682 F.2d 888 (11th Cir. 1982). Therein, the court held that : (1) court(s) should not require exhaustion when administrative remedy is inadequate; (2) does not exist; (3) would not provide relief commensurate whti claim; (4) be so unreasonably delayed as to create serious risk of irreparable injury; (5) when the claim would be denied because it would be clearly denied; or (6) when the administrate action will not resolve the merits. Alexander, 682 F.2d at _____. Also, See, McCarthy V. Medigan, 502 U.S. _____ 117 L.ed. 2d 219, 112 S.ct. _____ (1992)(Federal Prisoners are not required to exhaust the Federal BOP's internal grievance procedure before filing complaint)).

## CONCLUSION

For these reasons, Mr. Braxton respectfully ask the court to order the BOP to correct the calculation of his good time credit, to wit :

## RELIEF SOUGHT

**WHEREFORE,** premises are considered, Mr. Braxton pray that the foregoing relied sought is hereby granted as follows :

A. Order the BOP to release all progress reports and computations of Mr. Braxton's good time credits awarded by the BOP.

B. Order the BOP to recalculate or correct Mr. Braxton's good time credit calcultaion.

C. Grant any further or other relief as the court deems necessary.

Respectfully Submitted

*Savino Braxton*
Savino Braxton, pro se

## CERTIFICATE OF SERVICE

**I HEREVBY CERTIFY** that on this _16_ day of May, 2005, true copies of the foregoing was mailed was to the United States District Court for the Northern District of Florida, at Pensacola.

Respectuflly Submitted

_Savino Braxton_
Savino Braxton, pro se
Reg. Nos.# 27314-037
FPC-Pensacola
110 Raby Avenue
Pensacola, Florida 32509

## DECLARATION

**I HEREBY DECLARE** under the penalty pf perjury that the foregoing statement of facts are true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Executed on : _5-16-05_        _Savino Braxton_
                Date                 Signature of Petitioner