IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SAVINO BRAXTON,**
        **Petitioner,**

vs.                              **Case No. 3:05cv126/MCR/MD**

**DONALD F. BAUKNECHT,**
        **Respondent.**

## REPORT AND RECOMMENDATION

This cause is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 4). Respondent has filed an answer (doc. 17), to which petitioner has responded (doc. 19).

In this habeas proceeding, petitioner raises a single ground for relief. He contends the Federal Bureau of Prisons ("BOP") has wrongly interpreted 18 U.S.C. 3624(b)(1), thereby depriving him of the possibility to earn a maximum of 54 days of good conduct time for each of the years he has been sentenced to serve. However, because petitioner has failed to exhaust his administrative remedies, the court is without jurisdiction to consider the petition and it must be dismissed.

## BACKGROUND

Petitioner is a federal prisoner convicted of possession with intent to distribute heroin in violation of 21 U.S.C. § 841. (Doc. 4, p. 2; doc. 17, p. 2). He was sentenced to a term of 225 months imprisonment. (Doc. 17, p. 2).[1] He is currently housed at the Federal Prison Camp in Pensacola, and has a projected Good Conduct

---

[1] Petitioner was convicted and sentenced on September 6, 1991 in the United States District Court for the District of Maryland.

Release Date of August 16, 2006. (Doc. 17, ex. 1).[2] For each year of his incarceration, petitioner could earn 54 days of "good conduct time" ("GCT") available under the GCT statute, 18 U.S.C. § 3624(b), as interpreted by the BOP. The BOP estimates that if petitioner continues this good conduct, he could earn a total of 882 days GCT to be credited toward his sentence. (Ex. 1, p. 4; Ex. 3). This calculation is based on fifty-four days of earned GCT per year for each complete year petitioner actually has served, plus a prorated amount of GCT for the last portion of the year he actually serves. (*Id.*). Petitioner alleges, however, that he is entitled to more (unspecified) days of GCT under 18 U.S.C. § 3624(b)(1). (Doc. 4).

## DISCUSSION

Respondent argues that the court does not have jurisdiction over the petition because petitioner has not exhausted his administrative remedies.

It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same). This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *see also Jaimes v. United States*, No. 05-14514, 2006 WL 387440 at *2 (11th Cir. Feb. 21, 2006)

---

[2]Hereafter, all references to exhibits will be to those attached to Doc. 17, unless otherwise noted.

Case No: 3:05cv126/MCR/MD

("[W]here a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional.") (unpublished opinion); *Hicks v. Jordan*, No. 05-14349, 2006 WL 263831 at *1 (11th Cir. Feb. 2, 2006) (unpublished opinion) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (remanding action filed pursuant to 18 U.S.C. § 3568 for credit against prisoner's sentence for time spent in custody, and directing district court to dismiss for lack of jurisdiction due to prisoner's failure to exhaust administrative remedies).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. An inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

In the instant case, petitioner concedes, and the record demonstrates, that he has not filed any administrative remedies concerning the calculation of his GCT. (Doc. 4, pp. 3, 8; doc. 19, pp. 2-3; doc. 17, ex. 2). He argues that he should be excused from the exhaustion requirement because (1) exhaustion would have been futile and was therefore unnecessary, and (2) irreparable injury might occur without immediate judicial relief. In light of Eleventh Circuit precedent that the exhaustion requirement in § 2241 cases such as petitioner's is jurisdictional, whether he may even assert a futility or irreparable injury exception to the requirement is

questionable.³   Assuming, without deciding, that petitioner may argue these exceptions, his arguments prove unavailing.

With respect to futility, petitioner argues that "it was unlikely that the BOP would have granted Mr. Braxton the GCT relief he requests, had he pursued same administratively." (Doc. 19, p. 3).  Petitioner's belief, alone, does not persuade this court that full use of the administrate remedies available to him would have been futile.  *Cf. Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." (citing *Alexander v. Hawk,* 159 F.3d 1321, 1323 (11th Cir. 1998)); *Alexander v. Hawk*, 159 F.3d at 1327 (describing, in the context of the Prison Litigation Reform Act, numerous policy reasons favoring exhaustion).⁴  Compliance with BOP administrative remedy procedures helps to

---

³**As the Eleventh Circuit noted in *Jaimes v. United States, supra*:**

> ***Lucas* concluded that the exhaustion requirement in § 2241 cases was jurisdictional after examining 18 U.S.C. § 3585 and its predecessor, 18 U.S.C § 3568.  *See* 898 F.2d at 1554-56.  We have reasoned that "[a]lthough judicially developed exhaustion requirements might be waived for discretionary reasons by courts, statutorily created exhaustion requirements bind the parties and the courts."  *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998) (emphasis added), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S.Ct. 2016, 143 L.Ed.2d 1029 (1999).  Failure to comply with statutory exhaustion requirements deprives a court of jurisdiction; thus "mandatory statutory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply due to futility."  *Id*.; *cf. Gallo Cattle Co. v. United States Dep't of Agric*., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").  *But see Rodriguez*, 60 F.3d -745,] 747 [(11th Cir. 1995)]  (declining to address exhaustion in § 2241 context where Government did not raise issue of petitioner's failure to exhaust).

*Jaimes*, 2006 WL 387440 at *2.

⁴**The court in *Alexander* noted the following seven policy reasons favoring exhaustion:**

> (1)   to avoid premature interruption of the administrative process;
> (2)   to let the agency develop the necessary factual background upon which decisions should be based;
> (3)   to permit the agency to exercise its discretion or apply its expertise;
> (4)   to improve the efficiency of the administrative process;

ensure that inmates will have issues related to their incarceration formally reviewed by high-level BOP officials, and that policies are correctly applied and interpreted by staff. See www.bop.gov/DataSource/execute/dsPolicyLoc, Program Statement 1330.13, Administrative Remedy Program, ¶¶ 2.a and 2.d. (Aug. 13, 2002) (as amended); *cf. Von Hoffburg v. Alexander*, 615 F.2d 633, 639 (5th Cir. 1980) (explaining that if the outcome of administrative proceedings is adverse to the plaintiff, "the court will at least have a definitive interpretation of the regulation and an explication of the relevant facts from the highest administrative body" in an entity's internal appellate system).[5]  These sound principles are certainly applicable to this case.

With respect to irreparable injury, petitioner argues that there was not time to exhaust his administrative remedies because he was scheduled for pre-release to a Community Correctional Center in late February/early March of 2006, and typically, exhaustion of the entire administrative process takes six to twelve months. (Doc. 4, p. 8; Doc. 19, p. 3). This is not persuasive. Petitioner commenced this action on February 7, 2005. (Doc. 1). This provided sufficient time in which to pursue his administrative remedies. Moreover, petitioner has been in BOP custody since 1991. He offers no explanation why he could not have exhausted his administrative remedies within the fourteen years preceding the filing of his habeas petition.

---

(5)  to conserve scarce judicial resources;
(6)  to give the agency a chance to discover and correct its own errors; and
(7)  to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

[5]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No: 3:05cv126/MCR/MD

**Based on the foregoing, petitioner's amended petition must be dismissed for lack of jurisdiction.**[6]  *See, e.g., Levitan v. Bauknecht*, **Case Number 3:04cv403/MCR/MD (dismissing for lack of jurisdiction § 2241 petition challenging BOP's interpretation of 18 U.S.C. § 3624(b), where petitioner failed to exhaust administrative remedies).**

**Accordingly, it is respectfully RECOMMENDED:**

**That the amended petition for writ of habeas corpus (doc. 4) be DISMISSED and the clerk be directed to close the file.**

**At Pensacola, Florida, this 6th day of March, 2006.**


/s/ *Miles Davis*
　　　**MILES DAVIS
　　　UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[6]Even if the case were not subject to dismissal for lack of jurisdiction, the issue raised by petitioner was decided adversely to him in the recent case of *Brown v. McFadden*, **416 F.3d 1271 (11th Cir. 2005).**

*Case No: 3:05cv126/MCR/MD*